REQUESTED BY: Vincent Valentino, York County Attorney, York, Nebraska
Do counties have the authority to contract with the State Auditor of Public Accounts for the performance of the audits required under Neb.Rev.Stat. § 23-1608
(Reissue 1983)?
Yes.
You have requested our opinion regarding whether counties have the authority to contract with the State Auditor of Public Accounts for the performance of the audits required under Neb.Rev.Stat. § 23-1608 (Reissue 1983).
Neb.Rev.Stat. § 23-1608 (Reissue 1983) provides, in part:
 An examination of the books, accounts, records and affairs of all county officers in every county in the state shall be made, by the direction and under the supervision of the Auditor of Public Accounts, at such times as the Auditor of Public Accounts shall determine. A complete and comprehensive audit of the books, accounts, records and affairs of all county officials in each county shall be made by the direction and under the supervision of the Auditor of Public Accounts.
(Emphasis added.)
In the past, counties were not required to pay the costs of audits conducted pursuant to § 23-1608. Pursuant to the authorization contained in Neb.Rev.Stat. § 23-1613 (Reissue 1983), the Legislature previously had provided an appropriation to the budget of the State Auditor of Public Accounts to cover the salaries of accountants and assistants employed to conduct county audits. This year, however, the Legislature amended LB 722 to reduce the General Fund appropriation to the State Auditor by $450,000. The intent of this reduction was to eliminate the General Fund support for the statutorily required audits performed on counties and Educational Service Units.
While the Legislature has eliminated the General Fund appropriation previously utilized to absorb the costs of county audits, the statutory requirement that such audits be conducted remains in existence. Section 23-1608 mandates the performance of such audits "by the direction and under the supervision of the Auditor of Public Accounts." Although these audits have previously been conducted by employees of the State Auditor, the language of § 23-1608 does not require the audits actually be conducted by the State Auditor or members of the State Auditor's staff. The statute requires only that the audits be conducted "by the direction and under the supervision" of the State Auditor.
Through the elimination of the appropriation to the State Auditor for the conducting of county audits, the Legislature has manifested its intention to discontinue the prior practice of providing state funds to cover the costs of county audits. Clearly, however, the requirement that such audits be conducted "by the direction and under the supervision" of the State Auditor, contained in § 23-1608, has not been eliminated. Since the Legislature has clearly indicated the State will not provide funding to pay the costs of such audits, but has not terminated the statutory requirement that the audits be conducted, we must presume it was the Legislature's intent to require the counties to bear the costs associated with the performance of the required audits.
We recognize that § 23-1613 authorizes the State Auditor employ accountants to perform the audits required under § 23-1608, and further provides "[t]he salaries of accountants and their assistants shall be paid out of such fund as the Legislature may specifically appropriate for that purpose during any biennium." (Emphasis added.) This section plainly provides the Legislature's decision to appropriate funds to pay the salaries of accountants and assistants employed to conduct county audits is discretionary. The Legislature has simply chosen to eliminate any funding through the State Auditor for this purpose. In the absence of such an appropriation, it is clear that the State Auditor cannot continue to provide the required audit services to counties without charge.
With respect to your question concerning the authority of the county to validly enter into a contract with the State Auditor for the performance of county audits, we believe such authority exists under Neb.Rev.Stat. § 23-104 (Reissue 1983), which provides, in part:
Each county shall have power . . . (6) to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers; . . . .
In our view, § 23-104 is broad enough to provide the necessary authorization for a county to contract with the State Auditor for the performance of the county audit required under § 23-1608.
It is our opinion that, based on the Legislature's elimination of funding to the State Auditor for the performance of county audits, and the continued requirement under § 23-1608
that such audits be conducted, counties are responsible for payment of the expenses incurred in conducting the required audits. The counties may choose to contract with the State Auditor of Public Accounts for the performance of the audits, or they may elect to contract for the services of a licensed accounting firm doing business in Nebraska to conduct the audit. In the case of audits conducted by licensed accounting firms, the audit would be subject to the directory and supervisory authority provided the State Auditor under § 23-1608.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General